RICHARD E. FENTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fenton v. Commissioner
Docket No. 8385-76.
United States Tax Court
T.C. Memo 1979-138; 1979 Tax Ct. Memo LEXIS 387; 38 T.C.M. (CCH) 604; T.C.M. (RIA) 79138; April 10, 1979, Filed *387 Held: Understatement of income determined. Richard E. Fenton, pro se. Michael L. Norlander, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency of $92.00 in petitioner's income taxes paid for his taxable year ended December 31, 1974. [1] The only issue for our decision is whether or not petitioner understated his income during that taxable year. FINDINGS OF FACT Petitioner Richard E. Fenton resided in Norwood, Massachusetts when he filed his petition herein. He timely filed his return of income for the taxable year in issue with the district director, Andover, Massachusetts. He is on a cash basis of accounting and utilizes the calendar year as his tax accounting period. Between the end of January 1974 and the week of August 3 of that year petitioner was employed as a traveling photographer by a corporation called Heart of America Portraits, Inc. *388 (HAPI). While so employed petitioner would travel from town to town and store to store where he would take people's photographs. In return he received a weekly "draw" and commissions. Petitioner filed his income tax return for 1974 on April 7, 1975. At that time he had not yet received a Form W-2 from HAPI indicating his total earnings from HAPI, and the total amounts withheld therefrom, for the calendar year 1974. Petitioner received $3,837.21 [2] in net pay from HAPI in 1974. In addition to this total petitioner conceded that the following amounts of his pay had been withheld from his income: Federal Income Tax
$349.60
FICA Tax
226.00
Additional Miscellaneous
withholdings
36.79
TOTAL
$612.39
Thus petitioner's total compensation from HAPI in 1974 totaled $4,449.60. On his return petitioner reported that his gross compensation from HAPI in 1974 totaled $4,022.47. This amount was the total shown on petitioner's last wage receipt received from HAPI, dated August 16, 1974. Petitioner received *389 his W-2 Form from HAPI sometime after April 15, 1975. When he did receive it this W-2 Form showed that petitioner had received gross compensation from HAPI of $4,651.32, from which $387.90 in Federal income taxes and $262.79 in FICA taxes has been withheld. On brief respondent conceded that petitioner never received $113.76 of the $4,651.32 shown on HAPI's W-2 Form. Respondent now claims, therefore, that petitioner's total compensation from HAPI in 1974 equaled $4,537.56 and that petitioner understated his income by $515.09. OPINION We overlook our wonderment that this case could not be settled, and initiate our opinion with the traditional notation that petitioner has the burden of proving respondent's determination to be erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933), Rule 142, Tax Court Rules of Practice and Procedure. We hold that petitioner has carried his burden with respect to a portion of the amount at issue. The parties narrowed considerably the differences between them at the trial herein. Petitioner now admits receipt of $4,449.60 in compensation from HAPI while respondent has reduced his claim to $4,537.56, a difference of $87.96. *390 Respondent's original claim was based solely on HAPI's W-2 Form. Respondent has conceded, however, that this form is incorrect and that petitioner did not receive $113.76 of the amount shown thereon as wages paid to him. Petitioner's testimony, on the other hand, was detailed with respect to amounts received, the dates of receipt, and amounts withheld. Given the choice between relying on an admittedly inaccurate W-2 Form and petitioner's testimony, we are compelled to accept petitioner's averments.We hold that petitioner received $4,449.60 as total wages from HAPI in the calendar year 1974. We find, therefore, that he understated his gross income for that year by $427.13 ($4,449.60 - $4,022.47). Decision will be entered under Rule 155.
Footnotes
1. This deficiency was based on an original determination by respondent that petitioner understated his income by $628.85. Respondent has now conceded $113.76 of this amount, reducing the claimed understatement to $515.09.↩
2. While at the trial herein petitioner testified that he received $3,838.21 in 1974 from HAPI, our calculations show his net receipts to be $3,837.21.↩